1   DENNIS M. BROWN, Bar No. 126575
    dbrown@littler.com
2   MICHELLE B. HEVERLY, Bar No. 178660
    mheverly@littler.com
3   TODD K. BOYER, Bar No. 203132
    tboyer@littler.com
4   KARIN M. COGBILL, Bar No. 244606
    kcogbill@littler.com
5   LITTLER MENDELSON
    A Professional Corporation
6   50 W. San Fernando, 15th Floor
    San Jose, CA 95113.2303
7   Telephone:    408.998.4150

8   Attorneys for Defendant
    LOCKHEED MARTIN CORPORATION
9
    DAVID A. ROSENFELD  SBN 058163
10  EMILY P. RICH, SBN 168735
    WEINBERG, ROGER & ROSENFELD
11  A Professional Corporation
    1001 Marina Village Parkway, Suite 200
12  Alameda, California 94501-1091
    Telephone 510.337.1001
13  Fax 510.337.1023

14  Attorneys for Plaintiffs

15                          UNITED STATES DISTRICT COURT

16                      NORTHERN DISTRICT OF CALIFORNIA

17                              SAN JOSE DIVISION

18  
    MAURICE B. DRISCOLL, MARCIANO          Case No.  C 09-00439 RMW
19  C. CANATE, JR., DERRICK KIBLER,
    CHARLES E. KING, JR., EARL J.          **STIPULATION OF CLASS ACTION**
20  MALVINI, and YVONNE E. SANCHEZ,        **SETTLEMENT**
    Individually and on behalf of a Class and
21  other similarly situated,

22                  Plaintiffs,

23          v.

24  LOCKHEED MARTIN CORPORATION,
    Does 1-10,
25
                    Defendants.
26

27

28

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO.  C 09-00439 RMW

STIPULATION OF CLASS ACTION
SETTLEMENT

## CLASS ACTION SETTLEMENT AGREEMENT

This Stipulation of Class Action Settlement ("Stipulation") is entered into by and between Plaintiffs Maurice B. Driscoll, Marciano C. Canate, Jr., Derrick Kibler, Charles E. King, Jr., Earl J. Malvini, and Yvonne E. Sanchez (the "Class Representatives"), on behalf of themselves and as representatives of the Settlement Class described herein, and defendant Lockheed Martin Corporation ("Defendant" or "Lockheed Martin"). The Class Representatives and Defendant are collectively referred to herein as "the Parties."

This Stipulation is made for the sole purpose of settling this action on a class-wide basis. As detailed below, in the event that the Court does not execute and file the Order Granting Final Approval of Settlement, or in the event that the associated Judgment does not become final for any reason, this Stipulation shall be deemed null and void and shall be of no force or effect whatsoever.

## FACTUAL BACKGROUND AND RECITALS

A.      On December 23, 2008, a class action lawsuit was filed against Lockheed Martin in the Santa Clara County Superior Court, entitled <u>Maurice B. Driscoll, Marciano C. Canate, Jr., Derrick Kibler, Charles E. King, Jr., Earl J. Malvini, And Yvonne E. Sanchez v. Lockheed Martin Corporation, Does 1-10</u>, Santa Clara County Case No. 1-08-CV-130946 which was removed on January 30, 2009 to the United States District Court for the Northern District of California Case No. C 09-00439 RMW (hereinafter the "Lawsuit").

B.      The Complaint alleges causes of action under California law, including: (1) failure to pay meal period compensation; (2) failure to pay compensation timely upon severance of employment; (3) failure to provide accurate itemized wage statements; (4) failure to keep accurate payroll records; (5) violation of California Business and Professions Code section 17200 (unfair business practices); and (6) injunctive relief. The Complaint seeks back wages, penalties, pre-judgment interest, and attorneys' fees and costs.

C.      The Complaint alleges all of its six causes of action on behalf of a class of hourly Plant Protection Officers at Defendant's California facilities (the "Class Members"). Each of the Class Representatives, with the exception of Yvonne Sanchez who was terminated on February 11,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
·0 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO.  C 09-00439 RMW                    2.                    STIPULATION OF CLASS ACTION
                                                                                    SETTLEMENT

1    2009, is currently employed by Defendant as a Plant Protection Officer.   Each of the Class

2    Representatives was/is paid on an hourly basis.

3            D.      On August 11, 2009, the Parties met for an in-person settlement negotiation session.

4    That session was preceded by telephonic negotiations and voluntary exchange of payroll data and

5    other information required to assess the settlement value of the case.  The parties were not successful

6    in resolving the case during their first round of negotiations, and met again on August 28, 2009 for a

7    Settlement Conference before the Honorable Howard R. Lloyd.    The Parties' efforts were

8    productive, and the conditional agreement reflected in this Stipulation was reached.  At all times, the

9    Parties' negotiations were adversarial, non-collusive, and at arm's length.   All members of the

10   proposed class either are or at relevant times were, members of the International Association of

11   Machinists ("IAM"), and worked under the terms of a collective bargaining agreements between the

12   IAM and Defendant.  The IAM is not a party to the instant lawsuit.

13           E.      Nothing in this Stipulation, nor the fact of the Stipulation itself, shall be construed or

14   deemed an admission of liability, culpability, negligence, or wrongdoing of any kind on the part of

15   Defendant with respect to the Alleged Claims.   Defendant denies all the claims and contentions

16   alleged by the Class Representatives in the Lawsuit.   Nonetheless, Defendant has concluded that

17   further litigation would be protracted and expensive, and would also divert management and

18   employee time.  Defendant has taken into account the uncertainty and risks inherent in litigation,

19   especially in multi-party cases and in light of the unsettled nature of the law in this area.  Defendant

20   has therefore concluded that it is desirable that the Lawsuit be fully and finally settled in the manner

21   and upon the terms and conditions set forth in this Stipulation.

22           F.      The Class Representatives and Class Counsel believe that the claims asserted in this

23   lawsuit have merit.  Class Counsel, however, recognizes and acknowledges the significant expense

24   and length of continued proceedings necessary to prosecute the litigation against Lockheed Martin

25   through trial and appeal.  Class Counsel is also mindful of the inherent problems of proof and

26   possible defenses to the Alleged Claims.  After careful consideration and the settlement negotiations

27   described above, Class Counsel has concluded that it is desirable that this class action lawsuit be

28   fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113-2303
408.998.4150

CASE NO.  C 09-00439 RMW     3.     STIPULATION OF CLASS ACTION
SETTLEMENT

1   Both Class Counsel and the Class Representatives believe that the settlement set forth in this

2   Stipulation confers substantial benefits upon and is in the best interests of the Settlement Class and

3   each of the Class Members.

4         G.      The Parties are sufficiently familiar with the facts of the Lawsuit and the applicable

5   law to be able to make an informed decision regarding settlement at this time.  Prior to settlement

6   discussions, Lockheed Martin produced documents and other information related to Class Member

7   wages and service dates to allow the Parties to calculate potential liability.

8         H.      The Parties are represented by competent counsel and have had the opportunity to

9   consult with counsel prior to the submission of this Stipulation to the Court.

10         I.      Pursuant to Federal Rules of Evidence 408 and California Evidence Code Sections

11   1119 and 1152.5, this Stipulation and any related documents filed or created in connection with it

12   shall be inadmissible in evidence in any proceeding, except as necessary to approve, interpret, or

13   enforce this Stipulation, including enforcement of the releases contained herein.

14                                    **TERMS OF AGREEMENT**

15         IT IS HEREBY STIPULATED AND AGREED by and between the Class Representatives,

16   for themselves and for the Class (as defined hereafter), and Lockheed Martin that, subject to the

17   conditions precedent set forth in Section 2 below, the Lawsuit and the Released Claims shall be

18   finally and fully compromised, released, resolved, relinquished, discharged, and settled, and the

19   Lawsuit shall be dismissed with prejudice, and without any adverse findings or conclusions against

20   Lockheed Martin or anyone else, upon and subject to the terms and conditions of this Stipulation, as

21   follows:

22   **1.     DEFINITIONS**

23         As used in this Stipulation, the following terms shall have the meanings specified below:

24         1.1     "Alleged Claims" means, in the broadest sense possible, the claims that were included

25   in the Complaint filed by the Class Representatives against Lockheed Martin on December 23, 2008,

26   including the claims that the Class Members were not paid meal period compensation, were not paid

27   wages earned at the time of discharge as a result of meal period violations, did not receive proper

28   itemized wage statements as a result of meal period violations, that Lockheed Martin did not keep

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
-0 W. San Fernando, 15th Floor
San Jose, CA  95113 2303
408 998.4150

CASE NO.  C 09-00439 RMW                    4.                **STIPULATION OF CLASS ACTION
                                                                        SETTLEMENT**

1    accurate wage records as a result of meal period violations, and that Class members are entitled to

2    damages, penalties, restitution, interest, attorneys' fees, costs, injunctive or other equitable relief.

3        1.2    "Attorneys' Fees" shall have the meaning set forth in Section 5 of this Stipulation.

4        1.3    "Claims Administrator" means the third-party claims administration firm selected by

5    Lockheed Martin.

6        1.4    "Claims Administration Costs" shall include all fees, costs, and expenses due to the

7    Claims Administrator in connection with its administration of the claims including, but not limited

8    to, providing Notice, locating Class Members, processing Settlement Claim Certification Forms, and

9    administering and distributing Settlement Payments to the Settlement Class Members.

10        1.5    "Class" and "Class Members" mean all current and former non-exempt Plant

11    Protections Officers working for Lockheed Martin in California during the Class Period.

12        1.6    "Class Counsel" means Weinberg, Roger & Rosenfeld.

13        1.7    "Class Period" means the period from December 23, 2004 to the Date of Preliminary

14    Approval.

15        1.8    "Class Representatives" means Maurice B. Driscoll, Marciano C. Canate, Jr., Derrick

16    Kibler, Charles E. King, Jr., Earl J. Malvini, and Yvonne E. Sanchez.

17        1.9    "Compensable Workweeks" means the total number of Workdays a Class Member

18    was employed as a non-exempt Plant Protection Officer in California during the Class Period (not

19    including days on which an employee was on a leave of absence of any kind, including vacation,

20    holiday or sick leave in addition to extended absences) divided by five and rounded to the nearest

21    two decimal places.

22        1.10    "Court" means the United States District Court for the Northern District of California.

23        1.11    "Date of Final Approval" means the date the Court enters an order granting final

24    approval of the Settlement.

25        1.12    "Date of Preliminary Approval" means the date the Court enters an order granting

26    preliminary approval of the Settlement.

27

28

LITTLER MENDELSON
A Professional Corporation
0 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

CASE NO.  C 09-00439 RMW                5.                STIPULATION OF CLASS ACTION
                                                                          SETTLEMENT

1.13    "Declaration of Compliance" means an affidavit attesting to compliance with the terms of the Settlement Agreement in notifying Class Members of the Settlement and in processing the Settlement Claim Certification Forms.

1.14    "Day" means calendar day, unless expressly stated otherwise.

1.15    "Defendant" means Defendant Lockheed Martin Corporation.

1.16    "Effective Date" means the later of: (1) if no appeal is taken with respect to the Judgment, the date on which the time to file any appeal from the Judgment has expired and the Judgment is not subject to further judicial review or reconsideration by any court; or (2) if an appeal is timely filed with respect to the Judgment, the date such an appeal is dismissed or the Judgment is affirmed, and the Judgment is not subject to further judicial review or reconsideration by any court.

1.17    "Enhancement Award" shall have the meaning set forth in Section 6 of this Stipulation.

1.18    "Final Approval Hearing" means the date on which the motion for final approval of the Lawsuit for class certification for settlement purposes is heard.

1.19    "Judgment" means the judgment or order approving the settlement to be entered by the Court pursuant to this Stipulation.

1.20    "Last Known Address" means the most recently recorded mailing address for a Class Member as such information is contained in employment or personnel records maintained by Lockheed Martin.

1.21    "Lawsuit" means the action entitled <u>Maurice B. Driscoll, Marciano C. Canate, Jr., Derrick Kibler, Charles E. King, Jr., Earl J. Malvini, And Yvonne E. Sanchez v. Lockheed Martin Corporation, Does 1-10</u>, Santa Clara County Case No. 1-08-CV-130946 which was removed on January 30, 2009 to the United States District Court for the Northern District of California, and was designated Case No. C 09-00439 RMW.

1.22    "Litigation Expenses" means those expenses and costs of litigation incurred by Class Counsel and approved for reimbursement by the Court, excluding costs or fees of the Claims Administrator.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO.  C 09-00439 RMW                          6.                        STIPULATION OF CLASS ACTION
                                                                                              SETTLEMENT

1.23    "Lockheed Martin" means Defendant Lockheed Martin Corporation and its subsidiaries, divisions, affiliates, officers, agents, directors, supervisors, employees, representatives, successors and assigns.

1.24    "Maximum Settlement Consideration" means the maximum amount that Lockheed Martin shall pay under the terms of this Stipulation, which is $1,550,000, and is inclusive of all Settlement Payments, Attorneys' Fees, Litigation Expenses, and any Enhancement Award to the Class Representatives.  As the sole exceptions to the Maximum Settlement Consideration, Lockheed Martin shall be required to pay any state or federal employment taxes required by law as described in Section 4.7 below, any Claims Administration Costs, and Lockheed Martin's own fees.

1.25    "Net Settlement Consideration" means the Maximum Settlement Consideration less Attorneys' Fees, Litigation Expenses, and any Enhancement Award to the Class Representatives.

1.26    "Notice of Pendency of Class Action Settlement" or "Notice" shall have the meaning set forth in Section 8.1 of this Stipulation.

1.27    "Notice Period" shall have the meaning set forth in Section 8.4 of this Stipulation.

1.28    "Notice Response Deadline" shall be forty-five (45) days after the Notice is mailed to the Class Members by the Claims Administrator.

1.29    "Preliminary Approval Hearing" means the date on which the motion for preliminary class certification of the Lawsuit for settlement purposes is heard.

1.30    "Reasonable Address Verification Measure" means the utilization of the National Change of Address Database maintained by the United States Postal Service to review the accuracy of and, if possible, update a mailing address.

1.31    "Released Claims" means (a) any causes of action that were or could have been alleged in the Lawsuit based on the same or similar facts; and (b) any other causes of action that are based on or related to the purported nonpayment of meal period compensation, improper wage statements as a result of meal period compensation violations, failure to timely pay wages at termination as a result of meal period compensation violations, or unfair business practices as a result of meal period compensation violations, including, without limitation, claims for damages, related premiums, penalties, interest, punitive damages, costs, attorneys' fees, injunctive relief,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
0 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

CASE NO.  C 09-00439 RMW                    7.                    STIPULATION OF CLASS ACTION
                                                                                  SETTLEMENT

1   declaratory relief, or accounting, whether such causes of action are in tort, contract, or pursuant to a

2   statutory remedy.

3       1.32    "Released Parties" means Lockheed Martin Corporation, and each and all of its

4   respective past and present parents, subsidiaries, affiliated companies and corporations, and each and

5   all of their respective past and present directors, officers, managers, employees, general partners,

6   limited partners, principals, agents, members, insurers, reinsurers, shareholders, attorneys, advisors,

7   representatives, predecessors, successors, divisions, joint venturers, assigns, or related entities, and

8   each and all of their respective executors, successors, assigns and legal representatives.

9       1.33    "Settlement" means the terms and conditions set forth in this Stipulation.

10      1.34    "Settlement Claim Certification Form" means the form attached as Form A to the

11  Notice of Pendency of Class Action Settlement.

12      1.35    "Settlement Class" and "Settlement Class Member" mean all individuals who have

13  not opted out of the Settlement after Notice and who are therefore in the class that is certified for

14  purposes of Settlement only, following the entry of an appropriate Order by the Court.

15      1.36    "Settlement Payment" means the total, gross amount due to an individual Settlement

16  Class Member, which shall be calculated as described in Sections 4.2 through 4.7 of this Stipulation.

17      1.37    "Stipulation" means this Stipulation of Class Action Settlement and the terms and

18  conditions set forth herein.

19      1.38    "Total Consideration Payment" means the total amount paid by Lockheed Martin in

20  consideration for settlement of the Lawsuit, including Settlement Payments, Attorneys' Fees,

21  Litigation Expenses, Claims Administration Costs, and an Enhancement Payment to the Class

22  Representatives.

23      1.39    "Unclaimed Amount" shall have the meaning set forth in Section 4.7 of this

24  Stipulation.

25      1.40    "Updated Address" means a mailing that was updated via Reasonable Address

26  Verification measures or via an updated mailing address provided by the United States Postal

27  Service or a Class Member.

28

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA  95113-2303
408.998.4150

CASE NO.  C 09-00439 RMW          8.          STIPULATION OF CLASS ACTION SETTLEMENT

1.41   "Weekly Settlement Amount" means the Net Settlement Consideration divided by the total number of Compensable Workweeks worked by all Class Members during the Class Period.

1.42   "Workdays" means any day consisting of 24 consecutive hours beginning at 2400 of one day and ending at 2400 of the following day wherein the Settlement Class Member worked more than 6 hours.

**2.   CONDITIONS PRECEDENT TO EFFECTIVENESS OF STIPULATION**

2.1   The Parties enter into this Stipulation and the Settlement on a conditional basis.

This Stipulation will become final and effective only upon the occurrence of all of the following events:

(A)   The Court enters an order granting preliminary approval of the Settlement, including approval of the settlement procedure and settlement class notice;

(B)   The Court enters an order granting final approval of the Settlement and conditional class certification;

(C)   The Effective Date occurs, and any challenge to the Settlement, whether by objection, motion or appeal, is resolved in favor of enforcement of the Settlement;

(D)   Claims are paid pursuant to this Stipulation;

(E)   Judgment is entered by the Court dismissing the Lawsuit with prejudice; and

(F)   Lockheed Martin has not exercised its right to revoke the Stipulation, as described in Section 8.4.

Unless the Court orders otherwise or agreed in writing by the Parties, this Stipulation shall be deemed null and void *ab initio* upon the failure of any of these six conditions to occur.

**3.   CONDITIONAL CLASS CERTIFICATION**

3.1   The Parties stipulate to class certification for purposes of the Settlement only.  If the Court does not grant preliminary or final approval of this Settlement, if Lockheed Martin exercises its right to revoke, or, if appealed and the Judgment is not affirmed, the Parties agree that class certification will automatically be deemed revoked.  In the case that the class certification for settlement purposes is deemed revoked, that class certification shall have no precedential value and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
-0 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

CASE NO.  C 09-00439 RMW                           9.

STIPULATION OF CLASS ACTION
SETTLEMENT

1    it shall not be introduced into evidence or used for any other purpose in the Lawsuit or in any other

2    legal or any other administrative proceeding.

3    **4.      SETTLEMENT CONSIDERATION**

4         4.1      Lockheed Martin agrees to pay each Settlement Class Member his or her Settlement

5    Payment as consideration for settlement of the Lawsuit, so long as the total payments made by

6    Lockheed Martin do not exceed $1,550,000 (all Claims Administration Costs (see 7.1) and the

7    employer's share of any applicable taxes (see 4.8) are excluded).

8         4.2      Each Settlement Class Member shall receive a Settlement Payment, which is a share

9    of the Net Settlement Consideration based on the number of Compensable Workweeks worked by

10   the Settlement Class Member during the Class Period.  The Settlement Payment for each individual

11   Settlement Class Member shall be calculated dividing the Net Settlement Consideration by the total

12   number of Compensable Workweeks worked by all Settlement Class Members, and calculating each

13   Settlement Class Member's share based on the ratio of the total Compensable Workweeks worked

14   by all Settlement Class Members against the total number of Compensable Workweeks worked by

15   each Settlement Class Member.  In the event that Net Settlement Consideration in excess of $6,000

16   remains after payment of the individual Settlement Payments to Settlement Class Members, the

17   remaining Unclaimed Amounts shall be distributed to the Settlement Class Members in a pro-rata

18   fashion based upon the number of Compensable Workweeks worked by each Settlement Class

19   Member.  In the event that Net Settlement Consideration of less than $6,000 remains after payment

20   of the individual Settlement Payments to Settlement Class Members, the remaining Unclaimed

21   Amounts shall be donated to Guide Dogs of America.

22        4.3      The Total Consideration Payment will constitute adequate consideration for this

23   Settlement and will be made in full and final settlement of:

24            (A)      All Released Claims during the Class Period;

25            (B)      Class Counsel's claim for Attorneys' Fees and Litigation Expenses;

26            (C)      Any other obligation of the Parties under this Stipulation; and

27            (D)      Any and all penalties.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
-0 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

CASE NO.  C 09-00439 RMW                          10.                          **STIPULATION OF CLASS ACTION
SETTLEMENT**

4.4     Lockheed Martin agrees to pay an Enhancement Award of two thousand five hundred dollars ($2,500) to each of the Class Representatives upon Class Counsel's application and the Court's approval, pursuant to Section 6.  The Class Representatives shall be issued an IRS Form 1099 for any Enhancement Award.

4.5     For the purpose of calculating applicable taxes, the Parties agree that sixty-five percent (65%) of each Settlement Payment constitutes wages (and each Settlement Class Member will be issued an IRS Form W-2 for such payment to him or her), and thirty-five percent (35%) constitutes interest, penalties and other non-wage payments (and each Settlement Class Member will be issued an IRS Form 1099 for such payment to him or her).  Lockheed Martin shall not be responsible for payroll tax payments on any portion of the Settlement Consideration that is attributable to Attorneys' Fees, Litigation Expenses, penalties, interest, or any Class Representatives Enhancement Award.  The Parties further understand that the Class Representatives and any Settlement Class Member who receives any Settlement Payment pursuant to this Stipulation shall be solely responsible for any and all tax obligations associated with such receipt, including any interest or penalties assessed, except as set forth in this Section.

4.6     Lockheed Martin will not use the Settlement Payments to calculate any additional benefits including, for example (but without limitation), vacation, holiday pay, pension, or 401(k) plan contributions.  The Settlement Payments do not modify previously credited hours of service or other eligibility criteria under any employee pension or employee welfare benefit plan sponsored by Lockheed Martin.  The Settlement Payments are not "compensation" for purposes of determining eligibility for, or benefit accrual within, an employee pension benefit plan, an employee welfare benefit plan, or other plan sponsored by Lockheed Martin or its predecessors, subsidiaries, or successors.

4.7     Unclaimed Portion of the Net Settlement Consideration

(A)     "Unclaimed Amount(s)" shall be the amount of the Net Settlement Consideration less the total of Settlement Payments received by Settlement Class Members.

(B)     The Claims Administrator shall notify Lockheed Martin's counsel of the Unclaimed Amount pursuant to Section 9.2 of this Stipulation.  Any Unclaimed Amounts in excess

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113-2303
408.998.4150

CASE NO.  C 09-00439 RMW                    11.                    STIPULATION OF CLASS ACTION
SETTLEMENT

1  of $6,000 shall be distributed to Settlement Class Members in a pro-rata fashion. Any Unclaimed

2  Amounts under $6,000 shall be donated to Guide Dogs of America.

3      4.8    Lockheed Martin understands and agrees that it shall be responsible for paying the

4  employer's share of any applicable taxes collected under the authority of the Federal Insurance

5  Contributions Act (FICA) and state tax laws and regulations, separate and apart from, and in

6  addition to, the Maximum Settlement Consideration.

7  **5.    ATTORNEYS' FEES AND COSTS OF CLASS COUNSEL**

8      5.1    Class Counsel will submit an application for an award of Attorneys' Fees and

9  Litigation Expenses of not more than $150,000. The amounts set forth in this Section will constitute

10  complete consideration for all work performed and expenses incurred to date and for all work to be

11  performed and expenses to be incurred through the completion of the litigation and its settlement.

12  Lockheed Martin agrees that this award is reasonable and will not oppose a motion for approval of

13  Class Counsels' Attorneys' Fees and Litigation Expenses consistent with this Section.

14      5.2    The Attorneys' Fees and Litigation Expenses shall be paid according to Section 9.4 of

15  this Stipulation.

16  **6.    CLASS REPRESENTATIVES ENHANCEMENT AWARD**

17      6.1    The Parties agree that $2,500 each as an "Enhancement Award" is a reasonable

18  amount to be awarded to Class Representatives Maurice B. Driscoll, Marciano C. Canate, Jr.,

19  Derrick Kibler, Charles E. King, Jr., Earl J. Malvini, and Yvonne E. Sanchez for their time, effort,

20  and participation in this Lawsuit as Class Representatives. Lockheed Martin will not oppose a

21  motion for approval of such enhancement award to Maurice B. Driscoll, Marciano C. Canate, Jr.,

22  Derrick Kibler, Charles E. King, Jr., Earl J. Malvini, and Yvonne E. Sanchez, and agrees that the

23  request is fair and reasonable under the circumstances of this case.

24      6.2    The Enhancement Award shall be paid according to Section 9.4 of this

25  Stipulation.

26  **7.    COSTS OF CLAIMS ADMINISTRATION**

27      7.1    All Claims Administration Costs shall be paid by Lockheed Martin.

28  **8.    NOTICE, OPT-OUT, AND CLAIMS PROCEDURES**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
-0 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408 998.4150

CASE NO. C 09-00439 RMW    12.    STIPULATION OF CLASS ACTION SETTLEMENT

1    8.1    Notice to Class Members

2    Not later than thirty (30) business days following the Date of Preliminary Approval, and as

3    soon as practical, the Claims Administrator shall send, via U.S. Mail, to each of the Class Members a

4    "Notice to Class Members of Pendency of Class Action Settlement" (hereafter, "Notice")

5    substantially in the form attached hereto and made a part hereof as Exhibit "1."   The Claims

6    Administrator shall send each mailing to the Last Known Address of each Class Member after

7    complying with the procedures specified in Section 8.2 of this Stipulation.

8    8.2    Updating Last Known Addresses of Class Members

9    Prior to mailing the Notice to each Class Member, the Claims Administrator shall undertake

10   a Reasonable Address Verification Measure to ascertain the current accuracy of the Last Known

11   Address for each Class Member.  To the extent this process yields an Updated Address, that Updated

12   Address shall replace the Last Known Address and be treated as the new Last Known Address for

13   purposes of this Stipulation and for subsequent mailings in particular.

14   8.3    Date of Mailing and Re-Mailing of Notice

15   Unless the Claims Administrator receives a Notice returned by the United States Postal

16   Service, that Notice shall be deemed mailed and received by the Class Member to whom it was

17   mailed five (5) days after mailing.  In the event that subsequent to the first mailing and prior to the

18   end of the Notice Period the Notice is returned by the United States Postal Service to the Claims

19   Administrator with a forwarding address for the recipient, the Claims Administrator shall re-mail the

20   notice to that forwarding address, the Notice will be deemed mailed at that point, and the forwarding

21   address will be deemed the Updated Address for that Class Member.  In the event that subsequent to

22   the first mailing and at least fourteen (14) days prior to the end of the Notice Period the Notice is

23   returned by the United States Postal Service to the Claims Administrator without a forwarding

24   address (i.e., the address is no longer valid and the envelope is marked "Return to Sender"), the

25   Claims Administrator shall perform a standard skip trace in an effort to ascertain the current address

26   of the Class Member in question and, if such address is ascertained, the Claims Administrator will

27   re-send the Notice within seven (7) days of receiving such information; if no Updated Address is

28   ascertained for that Class Member, the Claims Administrator will re-send the Notice to the Last

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
-0 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

CASE NO.  C 09-00439 RMW                    13.                    STIPULATION OF CLASS ACTION
                                                                                    SETTLEMENT

1    Known Address. In either event, the Notice shall be deemed received once it is mailed for the

2    second time.

3          8.4    Opt-Out and Claims Procedure

4                 (A)    Class Members shall have forty-five (45) days from the date that Notice is

5    mailed to them in which to consider the terms of the Settlement, opt-out of the Class, and/or object

6    to the Settlement Payment (the "Notice Period"). The date of delivery of the Notice is deemed to be

7    five (5) days after the date the Notice is deposited in the U.S. Mail, postage prepaid, as evidenced by

8    the post-mark. Class Members who do not properly and/or timely opt-out become Settlement Class

9    Members and shall be subject to the Judgment.

10                (B)    If five percent (5%) or more of the Class Members opt-out of the Settlement

11   Class, then Lockheed Martin shall have the right, in its sole discretion, to void the Stipulation and, if

12   the class has been certified, to revoke class certification. Lockheed Martin has ten (10) business

13   days following receipt of notification by the Claims Administrator regarding the number of Class

14   Members who have opted-out of the Class to notify Class Counsel of its intent to void the

15   Stipulation and to revoke class certification.

16         8.5    Objections

17         Any Class Member who wishes to object to the Settlement must file and deliver a written

18   objection with the Court, and serve copies of the written objection to Class Counsel and counsel for

19   Lockheed Martin, no later than fourteen (14) days prior to the date of the Final Approval Hearing.

20   The date of delivery of the written objection is deemed to be the date the objection is deposited in

21   the U.S. Mail, postage pre-paid, as evidenced by the postmark. The objection must set forth, in clear

22   and concise terms, the legal and factual arguments supporting the objection. Unless otherwise

23   ordered by the Court, Class Members shall not be entitled to speak at the Final Approval Hearing, or

24   file an appeal to the judgment, unless they have submitted a timely written objection pursuant to this

25   subsection, which indicates their intention to speak at the Final Approval Hearing. Class Members

26   who have properly and timely submitted objections may appear at the Final Approval Hearing, either

27   in person or through a lawyer retained at their own expense.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408 998.4150

CASE NO.  C 09-00439 RMW                14.                STIPULATION OF CLASS ACTION
                                                                      SETTLEMENT

8.6    No later than fifteen (15) business days prior to the Final Approval Hearing, the Claims Administrator shall provide Class Counsel and Lockheed Martin's Counsel with a Declaration of Compliance to be filed with the Court by Lockheed Martin.

## 9.    PAYMENT OF CLAIMS

9.1    As a condition of receiving any Settlement Payment under this Stipulation, Class Members must not "opt-out" of the Class, and must release the Released Claims. Each Settlement Class Member shall be entitled to a payment equal to the sum of the Settlement Payment, less the Settlement Class Member's share of taxes and withholding. The Settlement Payment shall be determined by the Claims Administrator in the manner described in Section 4 of this Stipulation.

9.2    Within ten (10) business days of notice by the Claims Administrator of the Class Members who have opted out of the Class, in accordance with Section 8.4, the Claims Administrator will notify Lockheed Martin's counsel and Class Counsel of: (a) the Net Settlement Consideration; (b) the Total Consideration Payment; (c) the Unclaimed Amount, if any; and (d) the Settlement Payments due to each Class Member (by employee identification number).

9.3    The Claims Administrator shall be responsible for mailing payments to the Settlement Class Members (including issuing settlement checks and determining the amounts of any FICA or other required tax deductions), as well as issuing payment of any Enhancement Award, and Attorneys' Fees and Litigation Expenses.

9.4    Not later than ten (10) business days following the Effective Date, Lockheed Martin shall provide the Claims Administrator with the Total Consideration Payment, which shall be deposited by the Claims Administrator into an earmarked account. However, in the event that the Order on Class Counsel's application for Attorneys' Fees, Litigation Expenses and Class Representatives' Enhancement Award is not final within ten (10) business days of the Effective Date, any amounts payable under such Order as part of the Total Consideration Payment will be paid within ten (10) business days after the Order is deemed final and no longer subject to any further judicial reconsideration, review, or appeal.

9.5    Not later than forty-five (45) days following the Effective Date, the Claims Administrator shall mail to each Settlement Class Member a check in the amount(s) calculated

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
0 W. San Fernando, 15th Floor
San Jose, CA 95113-2303
408 998.4150

1  pursuant to Sections 4 and 9.1 of this Stipulation. The Claims Administrator shall be responsible for

2  making any applicable employee payroll deductions from the Settlement Payments.

3      9.6    Any checks issued to Settlement Class Members shall remain negotiable for a period

4  of at least one hundred eighty (180) days from the date of mailing, and the funds associated with any

5  checks which are delivered but not timely negotiated shall revert to the Claims Administrator's

6  earmarked account as soon as practicable. Settlement Class Members who fail to negotiate their

7  check(s) in a timely fashion shall, like all Settlement Class Members, remain subject to the terms of

8  the Judgment.

9  **10.   DISMISSAL WITH PREJUDICE**

10      10.1   At the Final Approval Hearing, the Parties agree to jointly request that the Court

11  immediately enter an order dismissing the Lawsuit with prejudice and to take whatever steps may be

12  necessary to obtain such dismissal.

13  **11.   RELEASED CLAIMS**

14      11.1   <u>Class Release</u>

15  The Class Representatives and the Settlement Class Members, on behalf of themselves, and each of

16  their heirs, representatives, successors, assigns, and attorneys, hereby compromise, release, resolve,

17  relinquish, discharge and settle each and all of the Released Parties from each of the Alleged and

18  Released Claims that exist in their favor through the Date of Preliminary Approval. The Class

19  Representatives and Settlement Class Members further agree that they will not institute or participate

20  in any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims,

21  known or unknown, fixed or contingent, in state or federal court, or with any state, federal or local

22  government agency, except the EEOC or DFEH, or with any administrative or advisory body arising

23  from or attributable to the any Alleged or Released Claims. The Settlement Class Members shall

24  specifically agree to the provisions of this Section in the Settlement Claim Certification Form. The

25  Settlement Class Members may hereafter discover facts in addition to or different from those which

26  they now know or believe to be true with respect to the subject matter of the Released Claims, but

27  stipulate and agree that the Settlement Class Members, upon the Effective Date, fully, finally and

28  forever settle and release any and all Released Claims, known or unknown, suspected or

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113-2303
408.998.4150

CASE NO. C 09-00439 RMW    16.    **STIPULATION OF CLASS ACTION SETTLEMENT**

1    unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or

2    heretofore have existed upon any theory of law or equity and without regard to the subsequent

3    discovery or existence of such different or additional facts.

4        Class Representatives may hereafter discover facts in addition to or different from those

5    which they now know or believe to be true with respect to the subject matter of the Released Claims,

6    but stipulate and agree that, upon the Effective Date, Class Representatives shall and hereby do fully,

7    finally and forever settle and release any and all Alleged and Released Claims against Lockheed

8    Martin.

9    **12.    MOTION FOR COURT APPROVAL**

10        12.1    Motion for Preliminary Approval

11        As soon as practicable, Lockheed Martin shall file with the Court: (i) this Stipulation,

12    including all attached exhibits; (ii) a noticed motion seeking the Court's preliminary approval of this

13    Settlement ("Motion for Preliminary Approval"); (iii) a proposed order granting such preliminary

14    approval and setting hearing for final approval; and (iv) and any other documents consistent with the

15    Settlement and reasonably necessary to obtain the Court's approval of the Settlement.

16        12.2    Motion for Final Approval

17        The Parties shall request that the Motion for Final Approval be set for hearing within 30 days

18    after the last day of the Notice Period, or as soon thereafter as the Court's calendar shall allow.  Upon

19    sufficient notice, Lockheed Martin shall file a Motion for Final Approval, Memorandum of Points

20    and Authorities in Support of the Settlement, and any other documents consistent with the

21    Settlement and reasonably necessary to obtain the Court's approval of the Settlement.  Lockheed

22    Martin shall provide Class Counsel with fourteen (14) days to review and approve the Motion for

23    Final Approval and all supporting papers before they are filed with the Court.  Class Counsel shall

24    file a Motion(s) for Attorneys' Fees, Litigation Expenses and Class Representatives Enhancement.

25    Class Counsel shall be responsible for filing any other documents required to support their requested

26    award for Attorneys' Fees and Litigation Expenses and the request for Class Representative

27    Enhancement.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
-0 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO.  C 09-00439 RMW                    17.                    STIPULATION OF CLASS ACTION
                                                                              SETTLEMENT

12.3   Waiver of Labor Code Section 206.5(e)

Every Class Member and Class Representative shall be deemed to have acknowledged and agreed that their claims for wages and/or penalties in this Lawsuit are disputed, and that the payments set forth in Section 4 constitute payment of all sums allegedly due to them. Every Class Member and Class Representative shall be deemed to have acknowledged and agreed that California Labor Code section 206.5 is not applicable to the Parties hereto. That section provides in pertinent part as follows:

> "No employer shall require the execution of any release of any claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of such wages has been made."

Every Class Member and Class Representative shall be deemed to have made the foregoing release as if by manually signing it.

The Parties expressly acknowledge and agree that any person who is paid a Settlement Payment pursuant to this Stipulation will be bound by the terms of this Stipulation, even if such person was paid a Settlement Payment in error.

## 13.   COOPERATION

13.1   The Parties shall cooperate fully with one another in seeking approval of the Court of this Stipulation (including its Exhibits) and shall use their respective best efforts to consummate the Settlement and cause the Judgment to be entered and to become final. The Parties therefore agree to cooperate in good faith to promptly prepare, execute, and finalize all Settlement-related documents, seek all necessary Court approvals, and do all other things necessary to consummate the Settlement. All Settlement-related documents, including, but not limited to, this Stipulation (and all attached exhibits), the Motion for Preliminary Approval (and any supporting papers), and the Motion for Final Approval (and any supporting papers) must be acceptable in both form and content to each of the Parties. In the event that the Parties are unable to reach agreement on the form or content of any documents needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of the Settlement, the Parties agree to seek the assistance of the

LITTLER MENDELSON
A Professional Corporation
0 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO.  C 09-00439 RMW                     18.                  STIPULATION OF CLASS ACTION
                                                                                    SETTLEMENT

1  Court. The Parties further agree that all such documents, supplemental provisions, and assistance of

2  the Court shall be consistent with this Stipulation.

3        13.2  No Party to this Stipulation shall seek to evade his, her, or its good faith obligations to

4  seek approval and implementation of this Settlement by virtue of any ruling, order, governmental

5  report or other development, whether in the Lawsuit, in any other litigation or otherwise that

6  hereafter might occur and might be deemed to alter the relative strengths of the Parties with respect

7  to any claims or defenses or their relative bargaining power with respect to negotiating. The Parties

8  and their respective counsel of record deem this Settlement to be fair and reasonable and have

9  arrived at this Settlement in arm's length negotiations taking into account all relevant factors, present

10  or potential.

11  **14.**  **MISCELLANEOUS PROVISIONS**

12        14.1  The Parties will ask the Court to maintain jurisdiction of this matter for the purpose of

13  monitoring compliance with and performance under this Stipulation and any and all orders and

14  judgments, including the Judgment, entered by the Court.

15        14.2  All Parties have been represented by counsel throughout all negotiations that

16  preceded the execution of this Stipulation, and this Stipulation is made with the consent and advice

17  of counsel.

18        14.3  The Parties and Settlement Class Members waive their right to seek any form of

19  appellate review over any order or judgment that is inconsistent with the terms of this Stipulation.

20        14.4  This Stipulation may not be modified or amended, except in a writing that is signed

21  by the respective counsel of record for the Parties and to the extent approved by the Court.

22        14.5  This Stipulation and the exhibits attached hereto constitute the entire agreement

23  between the Parties concerning the subject matter hereof, and supersede and replace all prior

24  negotiations, understandings, memoranda of understanding and proposed agreements, written and

25  oral, relating thereto. No extrinsic representations or terms shall modify, vary or contradict the terms

26  of the Stipulation unless made in writing and signed by duly authorized representatives of all Parties

27  and approved in writing by a final order of the Court. No waiver of any term, provision, or condition

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
-0 W. San Fernando, 15th Floor
San Jose, CA  95113-2303
408.998.4150

CASE NO.  C 09-00439 RMW                                    19.                          **STIPULATION OF CLASS ACTION
SETTLEMENT**

1  of this Agreement, whether by conduct or otherwise, in any one or more instance shall be deemed to

2  be or construed as a further or continuing waiver of any such term, provision, or condition.

3       14.6   This Stipulation shall be subject to, governed by, construed, enforced, and

4  administered in accordance with the laws of the State of California, without giving effect to the

5  principles of conflict of laws, both in its procedural and substantive aspects of any state, and shall be

6  subject to the continuing jurisdiction of the Court.  This Stipulation shall be construed as a whole

7  according to its fair meaning and intent, and not strictly for or against any party, regardless of who

8  drafted (or was principally responsible for drafting) this Stipulation or any specific term or condition

9  thereof.

10       14.7   This Stipulation may be executed in one or more counterparts, each of which shall be

11  deemed an original and together shall constitute one and the same instrument.  When each of the

12  Parties has signed at least one such counterpart, this Stipulation shall become effective and binding

13  as to all of the Parties as of the day and year last written.  Fax and/or electronically scanned

14  signatures shall be deemed as effective as originals.

15       14.8   The Settlement shall be binding upon and inure to the benefit of the settling parties'

16  respective successors, assigns, heirs, spouses, marital communities, executors, administrators, and

17  legal representatives.

18       14.9   In the event that legal action arises out of this Stipulation or is necessary to enforce

19  any of the terms or provisions of this Stipulation, the prevailing party in the action shall be entitled

20  to recover its reasonable attorneys' fees and costs.

21       14.10  Plaintiffs and their counsel agree that they will not issue any press releases or press

22  statements, post any internet disclosures, have any communications with the press or media about

23  the Lawsuit or this Stipulation, or otherwise publicize the terms of this Stipulation other than through

24  the filing of the Stipulation and supporting documents with the Court and through communications

25  with the Settlement Class.  Notwithstanding the foregoing, Plaintiffs and their counsel shall have the

26  right to disclose the terms of the Stipulation as may be required under federal or state tax and/or

27  securities laws or under generally accepted accounting principles.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
-0 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

CASE NO.  C 09-00439 RMW         20.         **STIPULATION OF CLASS ACTION
SETTLEMENT**

1        14.11  Within sixty (60) Days after the Effective Date, Class Counsel shall, upon written

2  demand by Lockheed Martin, return all documents and data received from Lockheed Martin, yet

3  shall, as required by the rules of ethics and California law, maintain an archived copy thereof.

4  Neither Class Counsel, Class Representatives, nor their agents or representatives shall retain any

5  such documents and data.

6        14.12  If any federal, state, or local government authority, including the U.S. Department of

7  Labor or the California Division of Labor Standards Enforcement, commences an administrative

8  proceeding or action (either in a *parens patriae* or other function) that asserts claims within the

9  scope of the Alleged Claims in this Lawsuit on or before a date that is three years from the date the

10  Court enters an Order granting preliminary approval of the Settlement, the following shall occur:

11  Class Counsel will execute an appropriate declaration at the request of Lockheed Martin supporting

12  the Settlement and asserting that the governmental action is within the scope of the Lawsuit, the

13  Settlement, and the Judgment.

14        14.13  After this Stipulation is fully executed by all Parties and their attorneys of record, all

15  litigation in this Lawsuit shall be stayed, and the Parties shall make no additional court filings except

16  as specifically provided for herein and as are necessary to enforce the terms of the Settlement or

17  pursuant to a written agreement between the Parties.

18        14.14  Each individual signing this Stipulation warrants that he and/or she has the authority

19  and is expressly authorized to enter into this Stipulation on behalf of the party for which that

20  individual signs.

21        IN WITNESS WHEREOF, each of the undersigned has agreed to and accepted the foregoing

22  terms and conditions by executing this Stipulation as of the date indicated below.

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
0 W. San Fernando, 15th Floor
San Jose, CA 95113-2303
408.998.4150

CASE NO.  C 09-00439 RMW              21.                   STIPULATION OF CLASS ACTION
SETTLEMENT

1

Dated: _5 DOC 09_

2

3

_Maurice Driscoll_ (signature)

4

MAURICE B. DRISCOLL
Plaintiff and Class Representative

5

Dated: _____

6

7

_____

8

MARCIANO C. CANATE, JR
Plaintiff and Class Representative

9

Dated: _____

10

11

_____

12

DERRICK KIBLER
Plaintiff and Class Representative

13

Dated: _____

14

15

_____

16

CHARLES E. KING, JR
Plaintiff and Class Representative

17

Dated: _____

18

19

_____

20

EARL J. MALVINI
Plaintiff and Class Representative

21

Dated: _____

22

23

_____

24

YVONNE E. SANCHEZ
Plaintiff and Class Representative

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W  San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998 4150

CASE NO.  C 09-00439 RMW                    22.                    STIPULATION OF CLASS ACTION
                                                                                        SETTLEMENT

1

2   Dated: _____

3

4   _____
    MAURICE B. DRISCOLL
    Plaintiff and Class Representative

5   Dated: 11-23-09

6

7   _____
    MARCIANO C. CANATE, JR
8   Plaintiff and Class Representative

9   Dated: _____

10

11

12  _____
    DERRICK KIBLER
    Plaintiff and Class Representative

13  Dated: _____

14

15

16  _____
    CHARLES E. KING, JR
    Plaintiff and Class Representative

17  Dated: _____

18

19

20  _____
    EARL J. MALVINI
    Plaintiff and Class Representative

21  Dated: _____

22

23

24  _____
    YVONNE E. SANCHEZ
    Plaintiff and Class Representative

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO.  C 09-00439 RMW                    22.            STIPULATION OF CLASS ACTION
                                                                          SETTLEMENT

1

Dated: _____

2

3

4

_____
MAURICE B. DRISCOLL
Plaintiff and Class Representative

5

Dated: _____

6

7

8

_____
MARCIANO C. CANATE, JR
Plaintiff and Class Representative

9

Dated: _____

10

11

12

_____
DERRICK KIBLER
Plaintiff and Class Representative

13

Dated: _____

14

15

16

_____
CHARLES E. KING, JR
Plaintiff and Class Representative

17

Dated: _____

18

19

20

_____
EARL J. MALVINI
Plaintiff and Class Representative

21

Dated: _____

22

23

24

_____
YVONNE E. SANCHEZ
Plaintiff and Class Representative

25

26

27

28

CASE NO.  C 09-00439 RMW                    22.                    STIPULATION OF CLASS ACTION
SETTLEMENT

1  Dated: _____

2

3  _____

4  MAURICE B. DRISCOLL
   Plaintiff and Class Representative

5  Dated: _____

6

7  _____

8  MARCIANO C. CANATE, JR
   Plaintiff and Class Representative

9  Dated: _____

10

11  _____

12  DERRICK KIBLER
    Plaintiff and Class Representative

13  Dated: _11-18-09_

14

15  _____

16  CHARLES E. KING, JR
    Plaintiff and Class Representative

17  Dated: _____

18

19  _____

20  EARL J. MALVINI
    Plaintiff and Class Representative

21  Dated: _____

22

23  _____

24  YVONNE E. SANCHEZ
    Plaintiff and Class Representative

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO.  C 09-00439 RMW                22.          STIPULATION OF CLASS ACTION
                                                                    SETTLEMENT

1

Dated: _____

2

3

_____
4      MAURICE B. DRISCOLL
       Plaintiff and Class Representative

5

Dated: _____

6

7

_____
8      MARCIANO C. CANATE, JR
       Plaintiff and Class Representative

9

Dated: _____

10

11

_____
12     DERRICK KIBLER
       Plaintiff and Class Representative

13

Dated: _____

14

15

_____
16     CHARLES E. KING, JR
       Plaintiff and Class Representative

17

Dated: 12|06|09

18

19

_____
20     EARL J. MALVINI
       Plaintiff and Class Representative

21

Dated: _____

22

23

_____
24     YVONNE E. SANCHEZ
       Plaintiff and Class Representative

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO.  C 09-00439 RMW                22.              STIPULATION OF CLASS ACTION
                                                                        SETTLEMENT

1

2    Dated: _____

3
     _____
4    MAURICE B. DRISCOLL
     Plaintiff and Class Representative
5    Dated: _____

6

7
     _____
8    MARCIANO C. CANATE, JR
     Plaintiff and Class Representative
9    Dated: _____

10

11
     _____
12   DERRICK KIBLER
     Plaintiff and Class Representative
13   Dated: _____

14

15
     _____
16   CHARLES E. KING, JR
     Plaintiff and Class Representative
17   Dated: _____

18

19
     _____
20   EARL J. MALVINI
     Plaintiff and Class Representative
21   Dated: 11-21-2009

22

23   _____
     YVONNE E. SANCHEZ
24   Plaintiff and Class Representative

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO.  C 09-00439 RMW                22.                STIPULATION OF CLASS ACTION
                                                                          SETTLEMENT

1    Dated: 12/16/2009

2

3                                                    _____
                                                     MATTHEW COYLE
4                                                    LOCKHEED MARTIN CORPORATION
                                                     Defendant
5

6    **Approved as to Form:**

     Dated: 12/8/09
7

8

9                                                    _____

10                                                   EMILY P. RICH
                                                     WEINBERG, ROGER & ROSENFELD
11                                                   A Professional Corporation
                                                     Attorneys for Plaintiffs and Class Counsel
12

13   Dated: 12/10/09

14

15                                                   _____
                                                     MICHELLE B. HEVERLY
16                                                   LITTLER MENDELSON
                                                     A Professional Corporation
17                                                   Attorneys for Defendant
                                                     LOCKHEED MARTIN CORPORATION
18

19   Firmwide:92447551.2 051770.1012

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO.  C 09-00439 RMW                23.              STIPULATION OF CLASS ACTION
                                                                             SETTLEMENT