UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE B. DRISCOLL, MARCIANO C. CANATE, JR., DERRICK KIBLER, CHARLES E. KING, JR., EARL J. MALVINI, and YVONNE E. SANCHEZ, Individually and on behalf of a Class and other similarly situated,<br><br>           Plaintiffs,<br><br>    v.<br><br>LOCKHEED MARTIN CORPORATION, Does 1-10,<br>Defendants. | CLASS ACTION CASE NO.<br>C 09-00439 RMW<br><br>[PROPOSED] NOTICE TO CLASS MEMBERS OF PENDENCY OF CLASS ACTION SETTLEMENT |

This notice is directed to any and all persons who are employed or have been employed as hourly-paid Plant Protection Officers by Lockheed Martin Corporation in the State of California, who at any time from December 23, 2004 through (the date of preliminary approval of the Settlement Class), were not provided an off-duty meal period after six (6) hours of work, and/or a second off-duty meal period after ten (10) hours of work, and were not provided compensation of one (1) hour's pay for each day on which such meal period was not provided.

**THIS NOTICE CONTAINS IMPORTANT INFORMATION AS TO YOUR RIGHTS AND RELATES TO A PROPOSED SETTLEMENT OF A CLASS ACTION. THIS NOTICE REQUIRES THAT ON OR BEFORE [response date – 45 days from mailing] YOU SUBMIT A WRITTEN REQUEST FOR EXCLUSION IF YOU WANT TO BE EXLUDED FROM THE SETTLEMENT. PLEASE READ THIS NOTICE CAREFULLY.**

## I. <u>NOTICE</u>

The purpose of this notice is to inform you that Lockheed Martin Corporation ("Lockheed") has agreed to settle a class action lawsuit filed by current and former Lockheed Martin Plant Protection Officers ("Plaintiffs") against Lockheed Martin claiming that it violated various California laws by failing to provide meal periods to Plant Protection Officers, **including you**. The notice is also intended to:

      (1) describe the Settlement, including how it may affect you,
      (2) advise you of the portion of the settlement proceeds you may receive, and/or
      (3) advise you of your right to object or exclude yourself from the settlement.

Lockheed Martin takes no position on how you should respond to this notice, if at all. Your participation in the Settlement will not impact your employment relationship with Lockheed Martin in any way whatsoever.

## II.  DESCRIPTION OF THE ACTION AND CLASS

The Plaintiffs listed above have brought this lawsuit as a class action on behalf of all current and former Plant Protection Officers employed in California by Lockheed Martin since December 23, 2004 (the "Settlement Class") through DATE OF PRELIMINARY CERTIFICATION for alleged wage and hour violations.

You were sent this notice because you are employed or have been employed as a hourly-paid Plant Protection Officer by Lockheed Martin Corporation in the State of California, and you may have, at any time from December 23, 2004 through the DATE ("Class Period"), not been provided an off-duty meal period after six (6) hours of work, and/or a second off-duty meal period after ten (10) hours of work and were not provided compensation of one (1) hour's pay for each day on which such meal period was not provided you.  Your "Compensable Workweeks" means the total number of workdays you were employed as a non-exempt Plant Protection Officer in California during the Class Period and on which you were not provided off-duty meal period(s), divided by five and rounded to the nearest two decimal places.

Lockheed Martin has denied any wrongdoing in this matter and has entered into this Settlement as a compromise to avoid the expense, inconvenience, risk, and diversion of management and employee time and attention that will result from further litigation.  By settling, Lockheed Martin does not admit any liability or wrongdoing and there has been no determination by any court, administrative agency, or tribunal as to the truth or validity of the factual allegations made against Lockheed Martin, nor has there been any determination that this lawsuit could proceed as a class action.

Plaintiffs' attorneys believe that the settlement is fair, reasonable, and in the best interest of the Plaintiffs and the class.  As of DATE, the Court preliminarily approved the settlement and conditionally certified the Settlement Class.  This Notice is being sent to you because Lockheed Martin's records indicate that you were employed in California as a Plant Protection Officer during the Covered Period and this settlement may affect your rights.

## III.  TERMS OF THE SETTLEMENT

The following is a summary of the terms of the agreement to settle the case.  The specific and complete terms of the proposed Settlement are contained in the Stipulation for Class Action Settlement, filed with the court.

**Settlement Consideration and Distribution of Settlement Amounts.**  Lockheed Martin has agreed to pay an amount certain to settle the lawsuit, and provided that you do not "opt out," you will receive a portion of this amount (after deductions for attorneys' fees, costs, and enhancements), based of the number of compensable work weeks that you worked for Lockheed Martin during the Class Period.  The estimate of your portion of the Settlement Consideration is provided below, although the exact number will be calculated after closure of the notice period and will depend on whether Class Members opt out and/or cannot be located.  Participating Class Members will be issued their settlement checks within forty-five (45) days from the date the Settlement becomes effective.

**Releases.**  Effective upon entry of a Court order granting Final Approval of the proposed Stipulation for Class Action Settlement, Settlement Class Members who have not properly and timely requested exclusion from the Settlement ("opted out") in the manner described in Section IV, below, will be deemed to have waived and released Lockheed Martin, its parent, subsidiaries,

and affiliated corporations and entities ("Released Parties"), from any and all claims, charges, complaints, liens, demands, causes of action, obligations, damages and liabilities, known or unknown, suspected or unsuspected, and without regard to the subsequent discovery or existence of different or additional facts, that each Settlement Class Member had, now has, or may hereafter claim to have against the Released Parties arising out of, or relating in any way to, the alleged causes of action which are contained in the Complaint in this matter and any other claims that are based on or relate to the purported nonpayment of meal period compensation, improper wage statements resulting from meal period compensation violations, failure to timely pay wages at termination resulting from meal period compensation violations, or unfair business practices resulting from meal period compensation violations, including, without limitation, claims for damages, related premiums, penalties, interest, punitive damages, costs, attorneys' fees, injunctive relief, declaratory relief, or accounting, whether such causes of action are in tort, contract, or pursuant to a statutory remedy.

## IV.  RIGHT TO PARTICIPATE IN OR OPT OUT OF THE CLASS SETTLEMENT

You are receiving this notice because Lockheed Martin's records demonstrate that you, the named recipient of this notice, worked for Lockheed Martin as a Plant Protection Officer in California during the Class Period.  The number of compensable workweeks you worked during the Class Period is indicated on the Settlement Estimate below.  The Compensable Workweeks listed were determined by counting all of the weeks during which you were employed during the class period, and are presumed to be correct unless you submit a letter disputing this calculation and providing verification of the corrected number of workweeks, including the locations(s) where you worked and the dates you worked in each location.

You may choose not to participate in the Class Settlement if you notify the Settlement Administrator in writing of your intent to opt out.  The written opt-out notification to the Administrator must be postmarked on or before [insert opt out date].  If you choose to opt-out of the Class Settlement: (1) you will not be entitled to receive any monetary relief under the Settlement; and (2) you will not be considered to have released any potential claims against the Released Parties and (3) you will have no right to challenge the Settlement or participate in the Final Approval Hearing.

**YOU SHOULD NOT OPT OUT IF YOU WISH TO RECEIVE PAYMENT UNDER THE CLASS SETTLEMENT.  HOWEVER, UNLESS YOU TIMELY OPT OUT, EVEN IF YOU DO NOT RECEIVE PAYMENT, ANY CLAIMS YOU MIGHT HAVE WILL BE RELEASED BY THIS SETTLEMENT.**

## V.  CORRECTIONS TO NAME OR ADDRESS

If, for any future reference or mailings, you wish to change the name or address listed on the envelope on which this notice was sent, please provide notice of the change of address to the Claims Administrator by using the form below.

## VI. NOTICE OF HEARING ON FINAL APPROVAL OF SETTLEMENT

You are hereby notified that a Final Approval Hearing will be held on DATE, in the United States District Court for the Northern District of California, before the Honorable Ronald M. Whyte, located at 280 S. First Street, San Jose, CA to determine whether the proposed Stipulation for Class Action Settlement of the Action is fair, reasonable, and adequate, and should be finally approved by the Court.  If you were a Plant Protection Officer of Lockheed

Martin during the Class Period, you will be bound by the proposed Settlement and release if it is approved unless you opt out as described in this notice. As a Settlement Class Member, you are not required to attend this hearing. However, any Settlement Class Member who has not opted out of the Settlement may file objections to the Settlement, and may attend the hearing to make any objections. No person will be heard, allowed to speak, or entitled to object, and no papers or briefs submitted by any such person will be received or considered by the Court unless, no later than fourteen (14) days before the date of the final approval hearing, he or she files with the Court, at the address indicated above, a written notice of objection, together with copies of all papers and briefs proposed to be submitted to the Court at the hearing, and serves them by mail or other lawful means on the attorneys listed below as Class Counsel and as Defendant's Counsel by the date as described above. You must also file a Proof of Service with the Court stating that you mailed or delivered copies of these papers to these attorneys for the parties, listed below, on or before five days prior to the date of the final approval hearing.

## VIII.   ATTORNEYS' FEES AND COSTS; PAYMENT TO CLASS REPRESENTATIVES

Plaintiffs' counsel, Weinberg, Roger & Rosenfeld, seek attorneys' fees and costs in an amount up to $150,000, which represents approximately 10% of the Settlement Consideration. The Court will determine the actual amount of the attorneys' fees and costs awarded to Plaintiffs' counsel. As compensation for their active participation in the litigation, for the risk they undertook to become the representative plaintiffs, and for their assistance to the attorneys for the class, in addition to any amounts received as a Settlement Class Member, the representative plaintiffs will request an enhancement payment of $2,500.00, subject to Court approval.

## IX.   FURTHER INFORMATION

The information contained in this notice is only a summary of the Action and the Stipulation for Class Action Settlement and does not purport to be comprehensive. For a more detailed statement of the matters involved in the Action and the Stipulation for Class Action Settlement, you may refer to the pleadings, the Stipulation for Class Action Settlement, and other papers filed in the Action, which may be inspected at the United States District Court Clerk's Office, 280 S. First Street, San Jose, CA, during the Court's normal business hours or contact the following attorneys in this case:

| **Class Counsel:** | **Defendant's Counsel:** |
|---|---|
| DAVID A. ROSENFELD | MICHELLE B. HEVERLY |
| EMILY P. RICH | TODD K. BOYER |
| WEINBERG, ROGER & ROSENFELD | LITTLER MENDELSON, P.C. |
| A Professional Corporation | A Professional Corporation |
| 1001 Marina Village Parkway, Suite 200 | 50 West San Fernando Street, 15th Floor |
| Alameda, California 94501-1091 | San Jose, CA  95113.2303 |
| Telephone 510.337.1001 | Telephone:    408.998.4150 |
| Fax 510.337.1023 | Facsimile:    408.288.5686 |

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT,
OR THE JUDGE WITH INQUIRIES ABOUT THE SETTLEMENT.**

## FORM A

### SETTLEMENT ESTIMATE AND DISPUTE FORM

**IF YOU DO NOTHING YOU WILL RECEIVE THE APPROXIMATE SETTLEMENT ESTIMATE INDICATED BELOW. IF YOU BELIEVE THIS AMOUNT IS INACCURATE, YOU MUST <u>COMPLETE</u>, <u>SIGN</u>, <u>DATE</u>, AND <u>MAIL</u> THIS FORM, POSTMARKED ON OR BEFORE [INSERT DUE DATE FOR SUBMISSION], AND ADDRESSED TO THE CLAIMS ADMINISTRATOR AS SET FORTH BELOW.**

| | | **PLEASE MAKE ANY CHANGES HERE** |
|---|---|---|
| **TO** | **[insert name and address]** | |
| | | ' |
| | | |
| | | |

**Workweeks and Settlement Estimate:** According to personnel records maintained by Lockheed Martin, you worked __ Compensable Workweeks during the period from December 23, 2004 to DATE ("Class Period"). Based on the number of Compensable Workweeks, your settlement estimate is _____. If you believe the Workweek number is incorrect, see instructions below.

**Instructions for Disputing Workweek Number or Changing Address**

1.  If you dispute the Compensable Workweek number above, you must complete the box below, sign the Form and mail it on or before [INSERT DUE DATE FOR SUBMISSION], or it will be rejected. In the event that the information provided cannot be verified, the number of Compensable Workweeks indicated by Lockheed Martin will control.

---

**Disputed Workweeks**
*(please complete if disputing Workweeks)*

I believe I worked __ Compensable Workweeks during the period from December 23, 2004 through the end of the Class Period, excluding leaves of absence, vacation, sick time, or other paid or unpaid time off. I base this estimate on the following information (please describe new estimate, attach additional sheets if necessary). I have included documentation to support this estimate, including (paystubs, cancelled checks, etc.).

_____

_____

_____

---

2.  If your name or address is incorrect, please make any changes in the box above, under where it says "Please Make Any Changes Here" and return the Form within the same time period. If you move, please send the Claims Administrator your new address. It is your responsibility to keep a current address on file with the Claims Administrator.

**THEREFORE,** under the penalty of perjury of the laws of California and the United States, I hereby certify that the foregoing is true and correct to the best of my knowledge.

Date: _____

Signature: _____

| **PLEASE RETURN THIS FORM VIA US MAIL TO:** |
|---|
| CLAIMS ADMINISTRATOR |
| **ADDRESS** |

**THIS FORM MUST BE RECEIVED BY [INSERT DUE DATE] TO BE VALID**